UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA DOWLING,

                 Petitioner,

           -against-

THE PEOPLE OF THE COURT;
CYBERSECURITY & INFRASTRUCTURE
SECURITY AGENCY; DEPARTMENT OF
JUSTICE, CRIMINAL DIVISION; INTERNET,
CRIME COMPLAINT CENTER; FEDERAL
BUREAU OF INVESTIGATION,

                 Respondents.

26-CV-205 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Angela Dowling, who identifies herself as the Petitioner in this matter and is proceeding *pro se*, brings this action against "The People of the Court," "Cybersecurity & Infrastructure Security Agency," the Criminal Division of the U.S. Department of Justice, the "Internet Crime Complaint Center," and the Federal Bureau of Investigation, who she identifies as Respondents. By order dated January 20, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the initial pleading, which Petitioner styles as a petition.[1] She alleges that the events that are the subject of this action took place in New York City, Texas, Arizona, Massachusetts, California, and New Jersey, beginning in 2019 and continuing to the present. (ECF No. 1, at 5.)

In the petition's Statement of Claim, Petitioner writes: "Human trafficking, hate crime, cyber, hacking/hacked, life in dangerment, notify to avoid harm and danger to people." (*Id*.) Below that statement, she includes the following list, which the Court reproduces verbatim:

---

[1] The Court quotes from the petition verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

1. Unlawful eviction, unlawful lockouts

2. Unlawful entry 2023-present

3. Assult/robberty/hold all belongs ransom

4. Breaking court order/the laws

5. Cyber on my number/cloud apps

6. Hacked all my apple apps.

    a. Lyft – 3 months ago

    b. Uber – today

    c. Grubhub – 1 year ago

    d. Doordash – 7 months ago

    e. Amanon flex (2022)

(*Id*.) Plaintiff adds allegations suggesting that her son's father owes her $75,000 in child support and that "Hudson County will be contacting DA office tomorrow." (*Id*. at 6.)

In the Relief section of the petition, she writes: "notice, of petitions, notify respondent, file reports, claims, complaint petition, report." (*Id*.)

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants

3

are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

After reviewing the petition, the Court finds that it lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325. The facts alleged in the pleading are mostly imcomprehensible and, where they are comprehensible, they approach delusional. Moreover, the facts set forth in the pleading do not support any cognizable claim in this court or provide a basis for a civil action in any court. Accordingly, because Plaintiff's "factual contentions are clearly baseless," *Livingston*, 141 F.3d at 437, and there is no legal theory on which she can rely to assert any claim, the Court must dismiss this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* action "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where . . .  the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). The Court therefore denies leave to amend as futile.

## CONCLUSION

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

4

The Court directs the Clerk of Court to enter a civil judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    January 21, 2026
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.